UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JERMAINE LEONARD SCOTT,

    Petitioner,

v.                                                       CASE NO. 6:09-cv-478-Orl-18KRS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

_____

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 10). Petitioner filed a reply to the response (Doc. No. 14).

Petitioner alleges one claim for relief in his habeas petition, that his plea was not knowingly, intelligently, and voluntarily entered into because of a conflict of interest with trial counsel. However, as discussed hereinafter, the Court finds that the petition is untimely and must be denied.

*I.* *Procedural History*

Petitioner was charged, on February 4, 2004, with sale or delivery of cocaine (App. A at 36). On July 26, 2004, Petitioner entered a no contest plea to the crime as charged, and the State agreed to a sentence "cap" of fifteen years in prison. *Id.* at 4-14. On November 5, 2004, the state trial court sentenced Petitioner to fifteen years imprisonment, to run consecutively to the five year sentence Petitioner was already serving. *Id.* at 32. Petitioner appealed, and appellate counsel filed an *Anders*[1] brief and moved to withdraw from the case (App. B). The Fifth District Court of Appeal granted the motion to withdraw and *per curiam* affirmed Petitioner's judgment and sentence on June 7, 2005 (App. C). Mandate was issued on June 24, 2005. *Id.*

On February 10, 2006, Petitioner filed, through counsel, a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (App. D). On April 6, 2006, the state court denied the Rule 3.850 motion (App. E). The Fifth District Court of Appeal *per curiam* affirmed on June 27, 2006 (App. F). Mandate was issued on July 14, 2006. *Id.* On August 8, 2006,[2] Petitioner filed a petition for writ of habeas corpus alleging

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

[2] This is the filing date under the "mailbox rule." *See* Thompson v. State, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of the prison or jail officials for mailing on a particular date, if that the [sic] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").

2

ineffective assistance of appellate counsel with the Fifth District Court of Appeal (App. G). The appellate court denied the petition on August 24, 2006 (App. H).

Finally, on January 24, 2008, Petitioner filed a Rule 3.800 motion to correct an illegal sentence with the state trial court (App. I). The state court granted relief on March 27, 2008, and determined that the $65.00 fee imposed in Petitioner's case should be stricken (App. J). An amended judgment and sentence was entered on April 8, 2008, nunc pro tunc to November 5, 2004 (App. K). Petitioner filed his petition for writ of habeas corpus on March 10, 2009 (Doc. No. 1).

## II. *Petitioner's Habeas Corpus Petition Is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

    (A) the date on which the judgment became final by the consideration of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the state appellate court entered its affirmance on June 24, 2005. Petitioner then had ninety days, or through September 22, 2005, to petition the United States Supreme Court for a writ of certiorari. *See* Sup. Ct. R. 13.[3] Thus, under § 2244(d)(1)(A), the judgment of conviction became final on September 22, 2005, and Petitioner had through September 22, 2006, absent any tolling, to file a federal habeas petition. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one-year period of limitation does not begin to run until the ninety-day period for filing a petition for certiorari with the United States Supreme Court has expired).

Under § 2244(d)(2), the one-year period would be tolled during the pendency of any "properly filed" state post-conviction proceedings. Petitioner filed a Rule 3.850 motion on February 10, 2006. Assuming that Petitioner's Rule 3.850 motion was properly filed, the

---

[3] Rule 13 provides as follows:

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3).

4

time for filing a federal habeas petition was tolled from February 10, 2006, through July 14, 2006, the date the mandate was issued on appeal. A total of 141 days elapsed before Petitioner filed his Rule 3.850 motion.

Petitioner then filed a state petition for writ of habeas corpus alleging ineffective assistance of appellate counsel on August 8, 2006. A total of 25 days elapsed before Petitioner filed his state habeas petition. Assuming this petition was properly filed, the limitations period was tolled from August 8, 2006, through August 24, 2006, the date the Fifth District Court of Appeal denied the petition. Petitioner then had 199 days remaining of the one-year limitations period, or until March 12, 2007, to file his federal habeas corpus petition. Petitioner did not file his federal petition until March 10, 2009, which was almost two years after the expiration of the one-year limitations period.

The Court is aware that Petitioner filed a Rule 3.800 motion on January 24, 2008. However, this proceeding did not toll the time period because the one-year period expired before Petitioner initiated that action. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (concluding "[a] state court filing after the federal habeas filing deadline does not revive it"); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). The instant federal habeas corpus petition was not timely filed and must be denied.

Petitioner argues that the state court granted his Rule 3.800 motion and re-sentenced him, therefore the time for filing his federal habeas petition began to run from the date of

re-sentencing. On March 27, 2008, the state court did grant Petitioner's Rule 3.800 motion, determining that the $65.00 fee imposed should be stricken. The state court entered an amended judgment on April 8, 2008, nunc pro tunc to the November 5, 2004, judgment. Respondents assert the court merely made a ministerial adjustment to Petitioner's judgment and sentence by deleting a civil lien. Respondents contend that this correction of Petitioner's judgment and sentence did not amount to re-sentencing and thus did not restart the one-year limitations period.

The Court agrees. In *Ferreira v. Secretary, Dep't of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007), the court held that the "AEDPA's statute of limitations runs from the date the judgment pursuant to which petitioner is in custody becomes final, which is the date both the conviction *and* sentence the petitioner is serving becomes final." (emphasis in original). Therefore, if a petitioner is re-sentenced, a conviction does not become final until after re-sentencing is complete, and thus the one-year period for filing a federal habeas petition does not begin to run until after re-sentencing. *See id.* Moreover, pursuant to *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (*per curiam*), to determine whether a federal habeas petition is timely filed, a court must look to the judgment of sentence under which the petitioner is being detained at the time of the filing of the federal petition.

The Eleventh Circuit Court of Appeals has not yet determined whether *Ferreira* controls in cases where a state court enters an amended judgment and sentence that leaves a sentence intact except for the deletion of a fine or civil lien. However, the Court finds that *Ferreira* does not apply in cases where the state court merely amends a judgment to reduce

or correct a civil lien. *See Wright v. Florida*, case no. 8:06-cv-1704, 2008 WL 1986184, at *3-*4 (M.D. Fla. May 6, 2008) (finding that "revocation [of probation] did not affect the finality of Petitioner's original judgment and conviction."). Similar to *Wright*, here the deletion of a fine did not affect the finality of Petitioner's judgment and sentence. The April 8, 2008, judgment and sentence, which only deleted a civil lien, is not a new judgment and sentence and does not trigger a new one-year limitations period. The claim contained in the federal habeas corpus petition is directly related to the entry of Petitioner's plea and his original judgment and sentence and does not relate to the amended judgment and sentence and deletion of the civil lien. Therefore, the instant federal habeas petition was not timely filed and must be denied.

Alternatively, assuming *arguendo* that *Ferreira* does control in the instant case, the petition would be timely filed. The state court entered an amended judgment and sentence on April 8, 2008. Petitioner did not appeal, and thus the one-year limitations period began to run on May 8, 2008, or thirty days after the amended sentenced was rendered. *See* Fla. R. App. P. 9.140(b)(3). Petitioner had until May 8, 2009, to file his federal habeas petition. Petitioner's federal habeas petition, filed on March 10, 2009, was timely filed within the one-year limitations period.

### III. *Alternatively, the Habeas Corpus Petition is Subject to Dismissal on the Merits*

Even if this Court finds the petition for writ of habeas corpus was timely filed, however, Petitioner still has not demonstrated that he is entitled to relief on the merits of

his claim. Petitioner raises one claim, that his plea was not knowingly, intelligently, and voluntarily entered into because of a conflict of interest with trial counsel.

### A. *Legal Standards*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005), *cert. denied*, 549 U.S. 819 (2006). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct

governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[4] *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker,* 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B. Discussion

Petitioner claims that his plea was not knowingly, intelligently, or voluntarily entered into because he had a conflict of interest with counsel (Doc. No. 1 at 6). Specifically, Petitioner states that he wanted to discharge counsel and brought the issue up to the state court prior to the entry of the plea. *Id.* Petitioner states that the trial court failed to hold a *Nelson*[5] hearing and instead concluded that Petitioner had not stated a valid

---

[4] In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams,* 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson,* 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone,* 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

[5] *Nelson v. State,* So. 2d 254 (Fla. 4th DCA 1973) (holding that when a criminal defendant requests the discharge of court-appointed counsel, the trial court should make

reason for discharging counsel. *Id.* at 6-7. Petitioner contends that he was embroiled in an irreconcilable conflict with counsel, and the trial court erred in denying his request to discharge counsel and find substitute counsel. *Id.* at 8.

Respondents argue first that the instant claim is procedurally defaulted. The Court agrees. The state court found that this claim was procedurally barred as it should or could have been raised on direct appeal (App. E). The state trial court's ruling was *per curiam* affirmed by the Fifth District Court of Appeal (App. G). A *per curiam* affirmance of a trial court's finding of procedural default is a sufficiently clear and express statement of reliance on an independent and adequate state ground to bar consideration by the federal courts. *Harmon v. Barton*, 894 F.2d 1268, 1273 (11th Cir. 1990). Therefore, the Court will apply the state procedural bar and will not address the claim on the merits.

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892 (citations omitted).

---

an inquiry of the defendant and counsel to determine whether there is cause to believe that counsel is not rendering effective assistance).

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense, in light of the new evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324). Petitioner has not shown either cause or prejudice that would excuse any procedural default. Petitioner also has not shown the applicability of the actual innocence exception. A review of the record reveals that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. As such, this claim is procedurally barred.

Even upon consideration of the merits of the instant claim Petitioner has not demonstrated that he is entitled to relief. First, Respondents assert that this claim does not implicate federal constitutional law and thus is not subject to federal habeas review. A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. *McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992); *see also Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005) (holding that "[i]t is a fundamental principle that state courts are the final arbiters of state law, federal habeas courts should not second-guess them"). Federal courts "must defer to

11

a state court's interpretation of its own rules of evidence and procedure." *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985) (citing *Spencer v. Texas*, 385 U.S. 648 (1967)).

Petitioner claims that the state court violated *Nelson* when it failed to conduct an adequate inquiry into whether counsel's representation was deficient. Petitioner does not allege what federal constitutional rights were violated by the state court's failure to conduct a *Nelson* hearing. This Court cannot make a determination regarding whether the Florida court properly abided by Florida law and conducted a proper hearing regarding Petitioner's request to discharge counsel. *McCullough*, 967 F.2d at 535; *Callahan*, 427 F.3d at 932. Petitioner's claim does not implicate federal constitutional law, and thus is not subject to federal review.

To the extent that Petitioner argues a claim that the trial court violated his Sixth Amendment rights, the claim does implicate federal constitutional law and is subject to federal review. To obtain relief Petitioner must show that trial counsel labored under an actual conflict, or that counsel was actively representing conflicting interests and the conflict adversely affected counsel's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 349-50 (1980); *Schwab v. Crosby*, 451 F.3d 1308, 1322 (11th Cir. 2006).

On July 26, 2004, before Petitioner entered his plea, defense counsel first informed the state court that Petitioner had rejected the State's plea offer (App. D at T 4). Defense counsel stated that he had explained to Petitioner that he either had to accept the plea or go to trial. *Id.* The state court explained to Petitioner that he had three choices, to accept

the State's plea offer, enter an open plea to the court, or to go to trial. *Id.* at T 6-7.

Petitioner then told the state court that he wished to discharge counsel:

> THE DEFENDANT: I didn't know I was set for trial today, and I want to like fire my attorney because I want to get a real attorney. And can I have one as soon as possible?
>
> I would like to have some more time to get me a real attorney because I'm not happy with the work he's done for me. I haven't even -- he's only seen me one time, and I wanted -- I didn't want to go to trial.

*Id.* at T 8. The state court explained that defense counsel was a member of the Florida Bar and was a "real" attorney. *Id.* at T 10. Petitioner then told the court:

> THE DEFENDANT: He's got an "I don't care" attitude of opportunities [sic] like what you've go to do with this and this. And he's seen me only one time, and he didn't ask me do I want to go to trial. He just wasn't there to inform -- that's the trouble.
>
> And also I don't get represented the way I should have been. I would like to have a real attorney, a real attorney, if that's possible, please.

*Id.*

Defense counsel stated that he visited Petitioner at the Brevard County Jail on June 23, 2004, and at that time they discussed the case. *Id.* Specifically, defense counsel discussed "what the situation was and that we had set his case for trial." *Id.* Defense counsel noted that Petitioner could have called the public defender's office at any time on the free jail line to find out his trial date. *Id.* at T 10-11. The state court concluded that Petitioner had not presented the court with a sufficient reason for discharging counsel. *Id.*

Petitioner has not demonstrated that trial counsel represented him despite having a conflict of interest. Although Petitioner stated that he did not know his case was set for

trial, counsel told the court that he informed Petitioner that the case was set for trial. Furthermore, Petitioner did not go to trial and instead accepted the State's plea offer. The state court explained to Petitioner that defense counsel could not make the state offer a better plea deal than the one made in this case. *Id.* at T 7. The state court had no legal basis to discharge counsel because Petitioner did not allege any facts to show that counsel represented him while having an actual conflict. Moreover, Petitioner has not shown how any alleged conflict adversely affected counsel's performance. While Petitioner was under the misapprehension that defense counsel was not a "real" lawyer, the state court advised Petitioner that counsel was a licensed attorney. Petitioner has not shown what more counsel should have done to represent him in this case, or that counsel's representation fell below a normal standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668 (1984). As such, Petitioner has not demonstrated that the state court's determination of this claim was contrary to, or involved an unreasonable application of, federal law. The Court will deny this claim pursuant to § 2254(d).

The Court will deny the petition for writ of habeas corpus. Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

### IV. *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Secretary Department of Corrections*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a Petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Amended Petition for Writ of Habeas Corpus filed by Jermaine Leonard Scott (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. Petitioner is **DENIED** a certificate of appealability.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this ___ day of October, 2010.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
pslc 10/18
Counsel of Record
Jermaine Leonard Scott